IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABDULLAH M. MUSLIM,                        CASE NO. 2:08-cr-238
                                                       CIVIL NO. 2:14-cv-297

          **Petitioner,**

                                             JUDGE MICHAEL H. WATSON
v.                                             Magistrate Judge Kemp

UNITED STATES OF AMERICA,

          **Respondent.**

## REPORT AND RECOMMENDATION

On January 12, 2011, the Court entered a judgment of conviction against Petitioner Abdullah M. Muslim following his plea of guilty, in this case, to one count of possession of a firearm by a convicted felon, and sentenced him to 120 months of imprisonment to be followed by three years of supervised release. Sentence was also imposed on certain counts with which Petitioner had been charged in related cases, including Case Nos. 2:10-cr-64 and 2:10-cr-65, where Petitioner pleaded guilty to passport fraud, aggravated identity theft, another felon in possession charge, and a charge of possession of unregistered destructive devices (five pipe bombs). Petitioner received an identical and concurrent 120 month sentence on one of those counts, one consecutive sentence of 24 months, and two concurrent sentences of twelve months, for a total of 144 months of imprisonment. *See* Doc. 86. Petitioner appealed, attacking only his sentence, and raising issues relating to procedural and substantive reasonableness. On December 20, 2011, the Court of Appeals issued an opinion finding no error and affirming the sentence. *United States v. Muslim,* No.

11-3061 (6th Cir. December 20, 2011).  Petitioner did not pursue any further appeal.

On March 31, 2014, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255.  He signed the motion four days earlier.  The motion is now before the Court for an initial review, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  That Rule provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ...."  For the following reasons, it will be recommended that this motion be dismissed under Rule 4 because it is plain that the motion is barred by the applicable statute of limitations.

## I.  Petitioner's Claim for Relief

Petitioner's motion (Doc. 110) sets forth a single ground for relief - ineffective assistance of counsel - with four subparts:

**(a) Counsel should have objected when the Court departed from the Guidelines without giving notice of it's (sic) intent;**

**(b) Counsel for Petitioner did not raise breach of plea agreement issue in the District Court;**

**(c) Counsel should have advised Petitioner that the weapons he turned in could be used to increase his sentence;**

**(d) Counsel failed to advocate for Petitioner at the sentencing hearing.**

*Id*. Petitioner acknowledges that his motion was filed outside the statute of limitations, but contends that the Court may still consider his claims because he has made a sufficient

2

showing of actual innocence.

## II. Statute of Limitations

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions, stating as follows:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner appealed his sentence to the Court of Appeals but did not file a petition for a writ of *certiorari* with the United States Supreme Court. Under these circumstances, his conviction became final when the time for filing such a petition (which is 90 days after the date of the Court of Appeals' decision) expired. *Clay v. United States*, 537 U.S. 522 (2003). That date was March 10, 2012, so the statute of limitations ran on March 10, 2013. Thus, this motion was filed over a year too late.

There are a variety of reasons why the Court might hear a § 2255 motion on

3

its merits even though it has not been filed on time. One of them is whether the refusal to hear the motion for procedural reasons, including whether the petition was filed on time, would result in a fundamental miscarriage of justice. That is, "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Petitioner asserts that he qualifies for the application of the "actual innocence" exception. If there were any merit to petitioner's "actual innocence" argument, the Court might be required to excuse his late filing.

Petitioner's position on this issue is as follows. He asserts that he and the government entered into an oral plea agreement during debriefings which required him to turn over all guns, weapons, and explosives in his possession. According to Petitioner, he was promised that he would not be "held responsible" for anything he turned over, and was not given a deadline to comply. On several occasions, he did surrender firearms, explosives, and other related materials, and was in the process of gathering more when a search was conducted of his residence, resulting in the seizure of additional weapons. His possession of these weapons was then used (improperly, in his view) to enhance his sentence. As a result, Petitioner claims he is "actually innocent of the enhancement aspect of the sentence ...." *Motion to Vacate*, at 2. That being so, he asks to be permitted to proceed on the merits in spite of the fact that his motion is untimely.

Here is why Petitioner is mistaken. Even assuming that the government

breached an oral agreement with Petitioner and that his sentence was improperly enhanced, Petitioner cannot make the type of "actual innocence" showing needed to overcome the statute of limitations bar. The Court of Appeals has recognized that such a showing may be made either upon the discovery of new evidence which raises a claim of factual innocence, or a change in the law which does the same. *See Phillips v. United States*, 734 F.3d 573, 582 n.8 (6th Cir. 2013). But what must a petitioner be innocent of? At least in the Sixth Circuit, the law is clear that the innocence a petitioner claims must be either of the conviction itself, in a non-capital case, or of the conviction or sentence in a capital case. That is, "this Circuit has only applied the exception if a petitioner is either (i) factually innocent of the crime for which he was convicted, or (ii) innocent of a death sentence in a capital case." *Lee v. Brunsman*, 474 Fed. Appx. 439, 441 (6th Cir. Apr. 4, 2012). Petitioner's claim of actual innocence of a factor which he claims was used to enhance his sentence does not fall into either of those categories. This is not a capital case, and he does not claim to have been innocent of any of the charges to which he pleaded guilty. Consequently, he cannot avail himself of the actual innocence exception to the statute of limitations.

The *Lee* court did acknowledge that some other Courts of Appeals have applied the actual innocence concept to some sentencing issues in non-capital cases, but even when that is done, the only "legitimate actual-innocence argument is a challenge to the correctness of a factual conclusion that was a

5

prerequisite to the petitioner's sentence." *Lee* at 443. That is not Petitioner's claim; he does not attack any factual conclusion made by the Court when it imposed sentence, but rather the Court's reliance on certain facts, *i.e.* his possession of weapons which, in his view, were obtained under an agreement that they would not be mentioned during the sentencing process. That is a legal argument, not a factual one. *See also McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011)(rejecting a claim of actual innocence based on an allegedly improper sentencing enhancement because the claim was "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview"), *citing Bousley v. United States*, 523 U.S. 614 , 623 (1998).

In short, as the court said in *Breeze v. United States*, 2013 WL 268890, *10 (E.D. Tenn. Jan. 24, 2013), applying Sixth Circuit law, "[t]he actual innocence exception does not apply in cases where a defendant simply alleges that he should have received a lesser sentence and does not claim that he is actually innocent of the offense." Because this describes Petitioner's argument exactly, he cannot take advantage of the actual innocence exception even if everything he says in his motion is true. Consequently, Petitioner's motion to vacate must be denied because it was filed too late.

### III. Recommended Decision

For the reasons stated above, it is recommended that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 be denied

under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts because it was not timely filed.

### IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge
