IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABDULLAH M. MUSLIM,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:08-CR-238
CIVIL NO. 2:14-CV-297
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On April 8, 2014, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section §2255 Proceedings for the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. Doc. No. 115. For the reasons that follow, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this case as time-barred. He complains that the Magistrate Judge failed to address the merits of his claim and argues that he has presented a meritorious claim of ineffective assistance of counsel and dismissal of this habeas corpus petition would be contrary to the interests of justice. However, this Court need not consider the merits of a petitioner's claims where the habeas corpus petition plainly is time-barred and where Petitioner has shown no basis for this Court to consider his otherwise untimely motion. He has not done so here.

1

Petitioner asserts that he is actually innocent of the enhancement of his sentence based on weapons found in his possession, because the prosecution promised he would not be held responsible for possession of these weapons pursuant to the terms of his plea agreement. As discussed by the Magistrate Judge, regardless of whether Petitioner's allegation is true, he cannot establish his actual innocence of the charge against him on this basis under the standard set forth by the United States Supreme Court, without new evidence indicating he is factually innocent:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise [ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005) (footnote omitted). *See also McQuiggin v. Perkins*, -- U.S. --, 133 S.Ct. 1924, 1931-32.

In other words, in order to establish that he is actually innocent so as to justify a merits review of his otherwise time-barred claim, Petitioner must do more than establish that the District Court improperly enhanced his sentence based on his possession of firearms in view of his agreement with the prosecution. That is a legal argument. Petitioner must show, in order to establish his actual innocence, that he is factually innocent of the possession of weapons. That would be a factual argument. Put another way, factual innocence takes the form of an "I did not do it," whereas one species of a legal innocence claim is "I did it but you should not have taken into account the facts which show that I did it." Petitioner's claim is clearly the latter.

In short, the record fails to reflect that this is one of the rare and extraordinary cases justifying a merits review of Petitioner's otherwise time-barred claims. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons set forth above, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

*Michael H. Watson*
Michael H. Watson, Judge
United States District Court